1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

JEFFREY R. THATCHER,

11

               Plaintiff,

CASE NO. 12cv5681-RBL-JRC

12

     v.

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S COMPLAINT

13

CAROLYN W. COLVIN, Acting

14

Commissioner of the Social Security
Administration,[1]

Noting Date: June 14, 2013

15

            Defendant.

16

17

     This matter has been referred to United States Magistrate Judge J. Richard

18

Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19

4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20

271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 10, 11, 12).

21

22

———————————

23

    [1] Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil

24

Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

After considering and reviewing the record, the Court finds that although the ALJ credited the opinion by a state agency medical consultant, he erroneously found that the consultant had opined that plaintiff could stand and/or walk for about six hours in an eight hour workday, when the consultant had opined that plaintiff only could stand and/or walk for two hours in an eight hour workday. Because the ALJ has not met the burden to demonstrate that there are other jobs that plaintiff could have performed given this limitation and his residual functional capacity, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings.

<u>BACKGROUND</u>

Plaintiff, JEFFREY R. THATCHER, was born in 1983 and was twenty three years old on the alleged date of disability onset of October 20, 2006 (*see* Tr. 205). Plaintiff graduated from high school and has attended college at Renton Technical College (*see* Tr. 54).

Approximately five years prior to his alleged onset date, on November, 11, 2001, plaintiff was struck by a falling tree (*see* Tr. 285). Plaintiff's discharge diagnosis was: "Multi-trauma with left subdural hematoma with shift in herniation, bilateral frontal contusions, left temporal contusion, left femur fracture, spinal fractures at levels T2, T8-11 and L4, left rib fracture, right hemopneumothorax and left pneumothorax" (Tr. 486). Although plaintiff worked after this date, plaintiff indicated that he had to quit these jobs due to pain and limitations (*see* Tr. 285). Plaintiff has at least the severe impairment of

back disorder (Tr. 29). At the time of the hearing, plaintiff testified that he lived with his

parents (Tr. 53-54).

PROCEDURAL HISTORY

Plaintiff protectively filed an application for disability insurance ("DIB") benefits

pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits

pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act on November 29,

2006 (*see* Tr. 27, 205-19). His applications were denied initially and following

reconsideration (*see* Tr. 108-112, 118-29). Plaintiff's requested hearing was held before

Administrative Law Judge Wayne N. Araki ("the ALJ") on September 09, 2009 (*see* Tr.

45-103). On February 24, 2010, the ALJ issued a written decision in which the ALJ

concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 24-

44).

On June 20, 2012, the Appeals Council denied plaintiff's request for review,

making the written decision by the ALJ the final agency decision subject to judicial

review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

seeking judicial review of the ALJ's written decision on July 31, 2012 (*see* ECF No. 1).

Defendant filed the sealed administrative record regarding this matter ("Tr.") on October

10, 2012 (*see* ECF Nos. 7, 9).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) whether or

not the ALJ properly considered the opinions of state agency medical consultants, Drs.

Robert G. Hoskins, M.D. and Carla van Dam, Ph.D.; and (2) whether or not the ALJ

considered properly the statement of Mr. George Bissett (*see* ECF No. 10, pp. 1-2).

1                    STANDARD OF REVIEW

2          Plaintiff bears the burden of proving disability within the meaning of the Social

3    Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on

4    the fifth and final step of the sequential disability evaluation process. *Meanel v. Apfel*,

5    172 F.3d 1111, 1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432

6    (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines

7    disability as the "inability to engage in any substantial gainful activity" due to a physical

8    or mental impairment "which can be expected to result in death or which has lasted, or

9    can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.

10   §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's

11   impairments are of such severity that plaintiff is unable to do previous work, and cannot,

12   considering the plaintiff's age, education, and work experience, engage in any other

13   substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

14   1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

15         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

16   denial of social security benefits if the ALJ's findings are based on legal error or not

17   supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

18   1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

19   1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

20   such "'relevant evidence as a reasonable mind might accept as adequate to support a

21   conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v.

22   Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S.

389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting Andrews, supra*, 53 F.3d at 1039). In addition, the Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. 2012); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." *Stout, supra*, 454 F.3d at 1054 (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion

when considering the record as a whole. *Molina, supra*, 674 F.3d 1104, 2012 U.S. App.

LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinseki v.*

*Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55.

<u>DISCUSSION</u>

**(1) Whether or not the ALJ erred in his evaluation of the opinion of state**

**agency medical consultant, Dr. Robert G. Hoskins, M.D**.

Here, plaintiff contends that the ALJ erred in his evaluation of the opinion of Dr.

Hoskins, as the ALJ gave the opinion "significant weight" and stated that Dr. Hoskins

opined that plaintiff could stand and/or walk about six hours in an eight hour workday,

when in fact, Dr. Hoskins opined that plaintiff could stand and/or walk for about two

hours in an eight hour workday (*see* ECF No. 10, p. 10). Defendant argues that the ALJ's

residual functional capacity ("RFC") determination that plaintiff could "stand and/or

walk for 30 to 60 minute intervals for a total of four to six hours in an eight-hour

workday" is not a deviation from Dr. Hoskins' opinion that plaintiff could stand and/or

walk for a total of at least two hours in an 8-hour workday "because the ALJ included a

sit or stand option, with standing or walking to total no more than four to six hours" (*see*

ECF No. 11, p. 12). For the reasons stated below, the Court does not find defendant's

position to be persuasive.

According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity

assessment by the ALJ "must always consider and address medical source opinions. If the

RFC assessment conflicts with an opinion from a medical source, the adjudicator must

explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20.

Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356).

In addition, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

The ALJ included the following in his written decision:

> As for the opinion evidence, the undersigned gives significant weight to the February 2007 opinion of the State agency medical consultant to the extent that it is consistent with the above residual functional capacity. The consultant opined that the claimant can occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and/or walk about six hours in an eight-hour workday, sit about six hours in an eight-hour workday, and perform pushing/pulling or arm or leg controls. The consultant further opined that the claimant could never climb ladders, ropes, or scaffolds, and could only occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl. The consultant stated that the claimant is limited in handling with the left upper extremity, but could perform unlimited fingering (internal citation to Exhibit 13F). The undersigned finds that the evidence of record established that the claimant is more limited than opined by the State consultant, and additional limitations in balancing, crawling, fingering with the upper extremity, and standing,

walking, and sitting at intervals are accounted for in the above residual
functional capacity.

(Tr. 35-36).

Although the ALJ indicated that Dr. Hoskins opined that plaintiff could "stand and/or walk about six hours in an eight-hour workday" (*see id.*), Dr. Hoskins' opined that plaintiff could stand and/or walk at least two hours in an eight hour work day (*see* Tr. 592, 617). When providing this opinion, Dr. Hoskins affirmed an opinion based on a form with the following options:

> Stand and/or walk (with normal breaks) for a total of-
>
> _ less than 2 hours in an 8-hour workday
> _ at least 2 hours in an 8-hour workday
> _ about 6 hours in an 8-hour workday
> _ medically required hand-held assistive device is necessary for
> ambulation

(*see* Tr. 592). The box next to "at least 2 hours in an 8-hour workday" is checked (*id.*).

Based on the relevant record, the Court concludes that the ALJ's indication that Dr. Hoskins opined that plaintiff could "stand and/or walk about six hours in an eight-hour workday" is erroneous and not supported by substantial evidence in the record as a whole (*see* Tr. 36). More importantly, the Court also disagrees with defendant's contention that the ALJ's RFC determination that plaintiff could "stand and/or walk for 30 to 60 minute intervals for a total of four to six hours in eight-hour workday" is not inconsistent with Dr. Hoskins' opinion (*see* Tr. 32). There is no evidence of any explicit sit or stand option included within the ALJ's RFC determination, and the ALJ's characterization at the hearing of the RFC as "effectively" including a stand/sit option led

to the vocational expert's testimony that such an option would erode the number of telephone quotation clerk jobs, the only job remaining, "maybe by 25 percent" (*see* Tr. 90-91). It also led to the vocational expert's testimony, following examination by plaintiff's attorney, that if the hypothetical individual actually had to stand and walk, when he needs to be on the job as a telephone quotation clerk, that exercising such an option would "limit productivity" (*see* Tr. 96). Any option to move between positions at will also does not change the fact that the ALJ's RFC still allowed for a maximum amount of standing and/or walking of six hours.

For the reasons stated and based on the relevant record, the Court concludes that the ALJ's RFC is inconsistent with Dr. Hoskins' opinion that that plaintiff could stand and/or walk for at least two hours in an eight-hour workday. Therefore, the ALJ was required to "explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20.

The Court also concludes that the ALJ's error is not harmless. Defendant does not dispute that if Dr. Hoskins' opinion is credited fully, plaintiff cannot perform three out of the four jobs that the ALJ identified as jobs that plaintiff could perform at his step five determination (*see* Response, ECF No. 11, p. 13). However, defendant argues that any error in the evaluation of Dr. Hoskins' opinion is harmless error as the ALJ found that plaintiff could perform the sedentary job of telephone quotation clerk (*see id.*). In making this argument, however, defendant fails to address plaintiff's specific arguments as to why plaintiff was not capable of performing this job. As plaintiff's specific arguments are

1    persuasive, the Court concludes for the reasons elucidated below that the ALJ's error is

2    not harmless.

3         Plaintiff argues that not only the three non sedentary jobs would have been

4    precluded by plaintiff's limitations if Dr. Hoskins' opinion was credited, but also the job

5    of telephone quotation clerk would have been precluded due to plaintiff's inability to

6    keyboard with his left hand as well as his difficulties as opined by Dr. van Dam regarding

7    mental impairments and resulting limitations (*see* Opening Brief, ECF No. 10, p. 11-12).

8    The Court notes that the ALJ's RFC for plaintiff included a limitation that he could "only

9    use the left upper extremity [as] a helper hand, [and] [t]he claimant cannot perform

10   fingering or handling with the left upper extremity" (*see* Tr. 32).

11        As noted by plaintiff, the vocational expert indicated that the remaining job

12   identified by the ALJ at step five, telephone quotation clerk, required use of a computer,

13   that speed was an issue in terms of an individual's ability to access information, and that

14   an individual who was slow at responding or unable to access information as quickly as

15   others would have difficulty keeping or maintaining that job (*see* Tr. 94-95). Plaintiff's

16   argument that this job is precluded by plaintiff's slowed use of a computer due to his

17   limitations in fingering and limitations to using his left upper extremity only as a "helper

18   hand" is contradicted by the vocational expert's identification of this job as one an

19   individual with plaintiff's RFC could perform, although the vocational expert's testimony

20   regarding this job was ambiguous (*see* Tr. 91). The vocational expert only indicated that

21   "possibly" a person with plaintiff's RFC could perform work as a telephone quotation

22   clerk (*see id.*). The Court is not convinced that the ALJ has met the burden to

demonstrate other jobs existing in the national economy that plaintiff could have performed on the basis of one job that he "possibly" could have performed. In addition, plaintiff's argument regarding plaintiff's mental impairments and resultant limitations on pace is persuasive, as discussed below, therefore, the matter of whether or not an individual with left upper extremity limitations such as plaintiff's nevertheless could comply with the speed requirements of obtaining information with the use of a computer should be evaluated anew following remand of this matter, if necessary.

Regarding plaintiff's complaints about the ALJ's assessment of Dr. van Dam's opinion regarding plaintiff's pace, the Court notes that Dr. van Dam opined following review of the record that plaintiff's pace might be impaired moderately at times secondary to perceptions (*see* Tr. 589). Dr. van Dam also is a state agency medical consultant, and, as her opinion is not consistent with the ALJ's assessment of plaintiff's RFC, the ALJ is required to explain the discrepancy. *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han*, 882 F.2d at 1457; *see also Flores, supra*, 49 F.3d at 571.

The ALJ failed to credit fully all of Dr. van Dam's opinions for a couple of reasons, including that in one report, plaintiff failed to report limitations in memory, completing tasks, concentration, understanding or following instructions (*see* Tr. 31 (*citing* Exhibit 4E); *see also* Tr. 360). The ALJ also noted that plaintiff reported "'getting good grades' at Renton Technical College towards a degree in land surveying, which

indicates his ability to concentrate and persist in classes" (*see* Tr. 31 (*citing* Exhibit 17E); *see also* Tr. 348; *but see* Tr. 366 ("needs to take a remedial class in math but has met the requirements to get into the survey program at Renton")).

The reasons provided by the ALJ for his failure to credit fully opinions from Dr. van Dam bear relevance to his mental abilities and limitations, but do not demonstrate necessarily that plaintiff does not suffer from limitations regarding pace, as opined by Dr. van Dam. As the vocational expert testified that problems with pace would create difficulties for an individual attempting to maintain his job as a telephone quotation clerk, and as telephone quotation clerk is the only job identified at step five by the ALJ that plaintiff still could perform if Dr. Hoskins' opinion is credited fully, the ALJ's error in his evaluation of Dr. Hoskins' opinion is not harmless error (*see* Tr. 94-95).

For the reasons stated and based on the relevant record, the Court finds persuasive plaintiff's argument the ALJ has not carried the burden to demonstrate at step five of the sequential disability evaluation process that there were jobs in significant numbers existing in the national economy that plaintiff could have performed. The ALJ appears to have misinterpreted Dr. Hoskins' opinion, and did not offer any reason for his failure to credit fully Dr. Hoskins' opinion regarding limitations on standing and/or walking. Therefore, this matter should be reversed and remanded to the Administration for further consideration.

The Court also concludes that because the medical evidence should be evaluated anew, and the record considered anew as a whole, that the lay evidence also should be evaluated anew following remand of this matter.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 12

1

## CONCLUSION

2

Based on the stated reasons, and the relevant record, the undersigned recommends

3

that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42

4

U.S.C. § 405(g) to the Acting Commissioner for further consideration.  **JUDGMENT**

5

should be for **PLAINTIFF** and the case should be closed.

6

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

7

fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

8

Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

9

purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

10

Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

11

matter for consideration on June 14, 2013, as noted in the caption.

12

Dated this 22nd day of May, 2013.

13

14

15

16

J. Richard Creatura
United States Magistrate Judge

17

18

19

20

21

22

23

24